**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT COURT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.: 5:26-CR-00297** |
| **VERSUS** | **JUDGE VAN HOOK** |
| **AURORA IMOGEN RUSH** | **MAGISTRATE JUDGE HORNSBY** |

# MEMORANDUM OF SUPPORT OF MOTION FOR REVOCATION OF DETENTION ORDER

Defendant, Aurora Imogen Rush, through undersigned counsel of record, respectfully moves this Honorable Court to vacate the Magistrate Judge's detention order pursuant to 18 U.S.C. § 3145(b) and order Aurora released from custody pursuant to the Bail Reform Act (BRA) and Fifth Amendment's Due Process Clause. This motion arises under 18 U.S.C. § 3145(b), which provides for *de novo* review of a Magistrate Judge's detention order. A motion for revocation or amendment "shall be determined promptly," reflecting the serious nature of detaining any defendant unnecessarily. *Id.* Defendant humbly requests to be released from detention with conditions, such as the use of an ankle monitor, electronic device restrictions, or any other condition the Court deems appropriate.

## I. INTRODUCTION

On August 5, 2026, a Grand Jury indicted Aurora Imogen Rush ("Aurora") for two counts of violating 18 U.S.C. § 922(a)(6), Purchase of Firearms by Means of a False Statement and False Statement to a Firearms Dealer. Of note, this is not an offense enumerated in 18 U.S.C. § 3142(f)(1), thus Aurora could only be ordered detained if one of the "serious risk" factors under (f)(2) was applicable. The court held Aurora's Initial Appearance on August 6, 2026. At the Initial

Appearance, the Government requested detention on the basis of 18 U.S.C. § 3142(f)(2). The Magistrate Judge subsequently scheduled this hearing for Monday, August 10, 2026.

During the hearing, the Government called Special Agent Matthew Johnson, a Federal Bureau of Investigation employee. Det. Hr'g Tr. 5. Throughout his testimony, Agent Johnson discussed, and the Government emphasized, Aurora's social media posts. *Id.* at 6-7, 60. However, both the agent and the AUSA acknowledged on the record, the statements made were not prosecutable and all online commentary was protected free speech. *Id.* at 7. It is clear this first amendment commentary provided a great deal of support for the Magistrate Judge's position as he discussed a social media post both in the hearing and his Order of Detention. *Id.* at 64; Order of Det., Dkt. No. 21, p. 4. Ultimately, the Magistrate Judge determined Aurora was not a risk of flight, but found release would present an unacceptable danger to the community. Det. Hr'g Tr. 60, 64; Order of Det. Then, on August 13, 2026, the Magistrate Judge issued a written Order of Detention Pending Trial. Order of Det. That same day, the Federal Defender Office ordered a transcript of the hearing. A week later, on August 20, 2026, undersigned received the transcript. This motion follows.

**II. LAW AND ARGUMENT**

Pursuant to 18 U.S.C. § 3145(b), this Court retains the authority to review a Magistrate's order to detain a defendant in a federal criminal case. The Bail Reform Act "clearly favors nondetention." *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992). Pretrial release should only be denied for "the strongest of reasons." *Dinh Hung v. United States*, 439 U.S. 1326, 1329 (1978). "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The pretrial

liberty at stake is not merely important but fundamental; as the Court in *Salerno* made clear, it did "not minimize the importance and fundamental nature of this right." *Salerno*, 481 U.S. at 750–51.

A defendant may only be detained when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of other persons or the community." 18 U.S.C. § 3142(e). In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the accused; (3) the history and characteristics of the accused; and (4) the nature and seriousness of the danger that would be posed by the person's release. 18 U.S.C. § 3142(g); *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir.1992).

The section of the BRA that addresses a "non-presumption case" reads, in pertinent part as follows:

> (f) Detention Hearing.—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—
>
> > (2) upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves—
> >
> > > (A) a serious risk that such person will flee; or
> > >
> > > (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

18 U.S.C. § 3142(f). Because Aurora is not charged with a § 3142(f)(1) offense, this is a "non-(f)(1)" case where only a showing of one of the § 3142(f)(2) "serious risk" factors would authorize detaining a defendant pending trial. Notably, danger to the community and ordinary risk of flight are not statutory bases for a detention hearing under (f)(2).

In this case, the government failed to allege a valid (f)(2) factor at Aurora's Detention Hearing. On August 10, 2026, the Government failed to present sufficient evidence, as a threshold matter, that the case "involved" such a risk so as to warrant detention. The government failed to carry its burden in proving that Aurora posed a serious risk under (f)(2)(B) at the Detention Hearing. Aurora is therefore being detained unlawfully. Accordingly, Aurora must be released on bond immediately with appropriate conditions of release.

***A. Application of Factors for Danger to the Community***

1. Nature and Circumstances of the Offenses Charged

Aurora has been indicted for two counts of 18 U.S.C. 922(a)(6). The maximum punishment for those violations is not more than 10 years. 18 U.S.C. § 924(a)(2). Of note, Aurora is not a prohibited person under 18 U.S.C. § 922(g) and can legally possess a firearm as acknowledged by the agent and AUSA. Det. Hr'g Tr. 42-43. Although the Government has noted its intention to file a superseding indictment, at the time of filing, that has not occurred. This case is nothing more than a paper case. It is not complex and nothing surrounding its nature and circumstances warrant detention.

2. Weight of the Evidence

The defendant asserts that this factor is neutral. The government, through an agent, presented evidence that Aurora said "Yes" on an ATF Form when the answer was "No." However, the government did not even present the forms – merely testimony about them – mostly from the prosecutor himself, with an occasional grunt of agreement by the agent. The Government provided only a scintilla of evidence in support. Moreover, courts have found this factor to be of least important in the detention determination. *See*, e.g., *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir.1986); *United States v. Barnett*, 986 F. Supp. 385, 393 (W.D. La. 1997).

3. History and Characteristics of the Accused

Aurora has strong ties with the communities and spends a lot of time working as a translator. Det. Hr'g Tr. 46. Reverand Margaret Ayers, an Episcopal priest and friend of Aurora, described Aurora as loving and peaceful. *Id.* at 50. Throughout their friendship, Reverand Ayers has interacted with Aurora in multiple settings, including emotionally charged rallies and protests. *Id.* at 49. However, the Reverand has never seen Aurora engage in violence. *Id.* Although "smack talk" occurred at these events, there was neither actions nor intentions of violence. *Id.* Further, Aurora did not walk around these events with large firearms. *Id.*

In addition to Aurora's personal characteristics, the relevant criminal history includes a couple misdemeanor offenses, the most recent occurring in 2010, and single felony from 2001. Det. Hr'g Tr. 31. Moreover, this felony offense involved only damage to property when Aurora was only around eighteen years old, and notably, it is not a conviction for harming another human. *Id.* This factor clearly supports Aurora's release.

4. Nature and Seriousness of the Danger Posed by the Defendant's Release

It is clear Aurora would not be a danger if released. First and foremost, there are appropriate conditions which could mitigate any alleged danger, such as the use of an ankle monitor and electronic device restrictions. Next, there is absolutely no evidence Aurora is dangerous. The Government, in its attempt to secure a detention order, placed an unwarranted emphasis on social media posts. *Id.* at 61 ("most of this hearing was about the threats"). However, as noted in undersigned's argument, every time the alleged "threats" were mentioned, the Government included the caveat the commentary was perfectly legal. *Id.* Disfavored political commentary is not a "call to violence" and is not "the strongest of reasons," such to deny pretrial release. *See Dinh Hung*, 439 U.S. at 1329. The number of firearms should also have no bearing on the detention

decision as they all have been seized by the government. Det. Hr'g Tr. 60. Furthermore, as noted above, under the current state of the law, Aurora is permitted to possess firearms, despite a felony conviction. *Id.* at 42-43. The Government's concerns about the obstruction allegations should likewise be found to provide little support for detention. On information and belief, all electronic devices are within the Government's possession and as Aurora's concerns related only to the privacy of immigration clients, this has become a nonissue. *Id.* at 36-37. Thus, all the above factors support release.

***B. Condition or Combination of Conditions That Will Reasonably Assure Aurora's Appearance***

The Magistrate Judge did not find Aurora to be a flight risk, thus, this factor need not be addressed. Det. Hr'g Tr. 60. Further, undersigned suggests appropriate conditions, such as an ankle monitor, would mitigate any concerns the District Court might have.

***C. This Court Should Reverse the Magistrate Judge's Detention Order***

The Bail Reform Act requires that a defendant be released unless there is clear and convincing evidence that there are no conditions or combination of conditions that reasonably assure the safety of the community. The Government has not met its burden, principally because there are conditions which can mitigate any potential "serious risk" when releasing Aurora. Although it appears to be the opposite in the Western District of Louisiana, Shreveport Division, according to the United States Supreme Court, "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Salerno*, 481 U.S. at 755. Therefore, Aurora humbly requests to be released from detention with conditions, such as the use of an ankle monitor, electronic device restrictions, or any other condition the Court deems appropriate.

## III. CONCLUSION

Because there is no basis to detain Aurora, the Court should grant immediate release with conditions this Court deems appropriate under §§ 3142(a)–(c). Because the government failed to meet its burden at the Detention Hearing, continuing to detain Aurora violates the law.

RESPECTFULLY SUBMITTED,
CRISTIE GAUTREAUX GIBBENS
FEDERAL PUBLIC DEFENDER FOR THE
MIDDLE & WESTERN DISTRICTS OF LOUISIANA

***/s/ Charles H. Kammer, III***

______________________________
**Charles H. Kammer, III**
LSBA NO. 21658
300 Fannin Street, Ste. 2199
Shreveport, Louisiana 71101
Tel: (318) 676-3310
Pete_Kammer@fd.org
Assistant Federal Public Defender
***Attorney for Defendant***

**s/ *Holly C. Merriam***

______________________________
**Holly C. Merriam**
LSBA NO. 41581
300 Fannin Street, Suite 2199
Shreveport, Louisiana 71101
Tel: (318) 676-3310
Holly_Merriam@fd.org
Assistant Federal Public Defender
***Attorney for Defendant***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 26, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of the filing will be sent by operation of the Court's electronic filing system to all counsel of record.

***s/ Charles H. Kammer, III***