**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 26-0297 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| AURORA IMOGEN RUSH | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is an Appeal of Magistrate Judge Decision, Record Document 23, filed by the defendant, Aurora Imogen Rush, relating to the Order of Detention Pending Trial, Record Document 21, issued by Magistrate Judge Mark L. Hornsby. The Government opposes the motion. Record Document 25. For the following reasons, the Appeal of Magistrate Judge Decision, Record Document 23, is **DENIED**.

### Background

On August 5, 2026, a Grand Jury returned a two-count indictment against Aurora Imogen Rush ("Defendant") for violating 18 U.S.C. § 922(a)(6), Purchase of Firearms by Means of a False Statement and False Statement to a Firearms Dealer. Record Document 1 at 1-2. Defendant made an initial appearance on August 6, 2026. Record Document 12. At the initial appearance, the government requested detention of the defendant under 18 U.S.C. § 1342(f)(2). Record Document 23-1 at 2. Although the Magistrate Judge determined there was not a serious risk defendant would flee, Record Document 23-2 at 60, the Magistrate Judge found releasing defendant would

endanger the community and pose a serious risk of obstruction. Record Document 21 at 4.

**Standard**

Pursuant to 18 U.S.C. § 3145, a magistrate judge's decisions regarding pretrial detention are subject to *de novo* review. *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992). Standards set forth by the Bail Reform Act govern pretrial detention. 18 U.S.C. § 3142. The court must determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). The court considers: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. *Id.* In a "non-presumption case," the government bears the burden of showing there is either: (A) a serious risk the defendant will flee; or (B) a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A)-(B).

**Analysis**

Defendant argues that the government failed to provide sufficient evidence to prove she poses a serious risk of flight or obstruction of justice under 18 U.S.C. § 3142(f)(2). Record Document 23-1 at 4. She asserts there are conditions, such as an ankle monitor and electronic device restrictions, that can mitigate any potential

serious risk she poses. *Id.* at 5-6. Defendant also states there is no evidence she is dangerous. *Id.* at 5. She points to the fact that her felony offense involved damage to property and no harm to another human. *Id.* She also notes that alleged "threats" in social media posts that were discussed by the government included the caveat that they were legal. *Id.* As to the firearms, defendant argues they have all been seized and that despite a felony conviction, she is permitted to possess firearms. *Id.* at 5-6

The Magistrate Judge found that defendant's release is a danger to the community and expressed concern there is a "serious risk that [she]… will obstruct or attempt to obstruct justice." Record Document 21 at 4. Upon review of the transcript, defendant's motion, and the Government's response, the Court agrees.

Defendant's release clearly poses a danger to the community and there is a serious risk she will obstruct justice.

- Refusal to cooperate with law enforcement executing a search warrant of her cell phone. Record Document 23-2 at 19.
- Appeared to attempt to factory reset or destroy the phone. *Id.* at 19.
- Attempted to have her cell phone information remotely destroyed by communicating with friends on jail calls. *Id.* at 23.
- Had her friend put the cell phone on lost made and then asked if they remembered "the instructions [she] gave [them] last year about if this ever happened?" *Id.* at 24.
- The cell phone appeared to have outside interference which would have resulted in possible deletion of information. *Id.* at 59.

- Threatening posts on social media "advocating or calling for violence on behalf of an ideology." *Id.* at 31.
- Purchased a Rossi R95 30-30 Winchester and Hi-Point 10mm Carbine after falsely affirming she had never been convicted of a felony. *Id.* at 9-10, 12.
- The recovery of 11 firearms, two separate sets of body armor, an additional phone, and a significant amount of ammunition. *Id.* at 19.
- The brace had been removed and a stock placed on the AR pistol recovered, turning it into a noncompliant short barrel. *Id.* at 21.
- A prepared go-bag in her vehicle. *Id.* at 20.

There is clear and convincing evidence to support that defendant's release poses a danger to the community and there is a serious risk she will attempt to obstruct justice. No conditions or combination of conditions would reasonably assure appearance and safety of the community. Defendant has demonstrated that she has friends in place to help her carry out actions, and her appeal is denied.

**DONE AND SIGNED** at Shreveport, Louisiana, this 17th day of September, 2026.

Alex C. Van Hook

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE